COVINGTON, Judge.
Hazel Clark sued the Department of Public Safety, State of Louisiana, Walter Clement and Olander Smith for damages for personal injuries allegedly sustained incident to her arrest for speeding by a State Trooper. She submits that the Trooper yanked her out of her car, injuring her shoulders and back. Prior to trial plaintiff dismissed her suit against Officer Smith. Trial was held before Judge Steven A. Duc-zer who rendered judgment in favor of the defendants and dismissed plaintiff’s suit. Plaintiff appeals, contending that the trial court erred in finding that the arresting officer’s use of force was reasonable and justified under the circumstances. Rejecting this contention, we affirm.
Late in the afternoon of September 23, 1979, Hazel Clark was driving a blue Cadillac east-bound on Interstate Highway I-12. Her speed was clocked at a rate of over 100 m.p.h. in a 55 m.p.h. zone. This information was broadcast over the police radio and was responded to by Troopers Clement and Smith. After clocking the speed of Clark’s car at 103 m.p.h., they began pursuit of the car, utilizing their lights and sirens. After a brief high speed chase, the plaintiff did not pull over or slow down so the officers forced the car to pull off the highway. Once the cars were stopped Trooper Clement used a public address system to order the plaintiff to exit the car. After two or three unanswered requests, the officers approached the car. Officer Clement opened the driver’s car door, and forcibly removed Hazel Clark when she refused to release her grip on the steering wheel. She was arrested and taken to the Slidell Police Department for the posting of bond. She later began to complain of pain in her arms, shoulders, and lower back.
On appeal plaintiff specified as error the factual finding by the trial court that the force used by Officer Clement to remove her from thé car was justified and reasonable. In his oral reasons for judgment the trial court noted the facts and circumstances surrounding the arrest:
I find that the car was speeding ninety miles an hour, I find that fact was known by the State Police for some time, some few minutes at least. That car was pursued by these officers, Smith and Clement. I believe their version of the story with regards to the stop. I believe they had experienced some-difficulty in bringing the vehicle over. That does not necessarily mean the plaintiff knew the difficulties they were having. That has not been established. But I believe they have established to the satisfaction of this Court they did have some difficulty in stopping the vehicle. As far as they were concerned, they did have to pull up alongside and it was ah unusual stop in that respect. I do find the circumstances of the stop with respect to request of the driver of the vehicle to stop, to exit the car, to be consistent with the trooper’s testimony. They did request over the P.A. system for her to exit the car. And *85 I find that she didn’t, upon that request. Another unusual circumstance. And, of course, the officers testified that both approached the car, one to one side and one to the other, neither could see exactly what the other one was doing. I believe Officer Clement opened that door and yanked that woman out of that car. I don’t believe he knows exactly how he did it, because I don’t think any reasonable man in a charged atmosphere of this nature would know exactly what he did to the letter. I don’t know what other alternatives he would have. He has to get her out of the car ... the whole issue here is making these findings whether or not ... Officer Clement was justified in doing what he did. The force used in these instances depends upon the circumstances of the case. I don’t necessarily find that the plaintiff refused to follow any instructions of the officer, but I do find that they gave instructions which were not followed which caused them to act in the manner in which they did. I find the action of Officer Clement under these circumstances to be reasonable and justified, and accordingly, deny relief sought by the plaintiff in this case.
An arresting officer may use “reasonable force” to effect the arrest. LSA-C. Cr.P. art. 220. Whether the force used is reasonable depends upon the totality of the facts and circumstances in each case. A court must evaluate the officers’ actions against those of ordinary, prudent, and reasonable persons placed in the same position as the officers and with the same knowledge as the officers, Patterson v. Jackson, 409 So.2d 357 (La.App. 1st Cir.1981), writ denied 413 So.2d 496 (La.1982). Whether or not Trooper Clement acted reasonably under the circumstances is a question of fact. Having carefully reviewed and evaluated the record, we find the evidence amply supports the factual findings of the trial court. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Accordingly, we affirm the judgment of the trial court, with costs to appellant.
AFFIRMED.